[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPT, DEFENDANT'S MOTION FOR MODIFICATION, MOTIONS FOR ATTORNEY'S FEE AND ESCROW INSTRUCTIONS
These post-Judgment Motions came before the Court by special assignment on September 4, 1992, at Norwich. The plaintiff, Heidi Milner, was represented by Attorney Gary Traystman. The minor children were represented by Attorney CT Page 8692 Connolly and the defendant, Steven Milner, was represented by Attorney Richard Dixon.
First, after some consultation, the parties stipulated and agreed on the Motions which were to be heard by the Court. The parties agreed that the hearing would involve the following Motions which would be heard together from the evidence presented:
 1. Motion for Contempt dated April 23, 1992 (File No 149).
 2. Motion for Modification of Child Support dated May 5, 1992 (File No. 151).
 3. Motion for Attorney's Fees dated May 12, 1992 (File No. 152).
 4. Motion to Appoint Attorney for Minor Child dated May 12, 1992 (File No. 153).
 5. Motion to Compromise Escrow dated August 7, 1992 (File No. 159).
The parties did not object to the Affidavit of Debt with an accompanying documentation of Susan M. Connolly, Esq., the attorney for the minor children. The Court will confirm her continued participation post-Judgment and award her attorney's fees of $2,237.50 to be paid 60 percent by the, plaintiff and 40 percent by the defendant. The 60 percent payable by the plaintiff shall be paid within 30 days. The 40 percent payable by the defendant shall be deducted from the escrow fund referred to in the Motion to Compromise Escrow dated August 7, 1992, as hereinafter more specifically provided.
Both the plaintiff and the defendant testified at length at the hearing.
The defendant, Steven Milner, was ordered in the Court's previous decision on the Dissolution matter on April 7, 1992, to pay support to the plaintiff for the support of the minor children in the sum of $70.00 per week per child. With three children, the total of such award would be $210.00 per week. The order, according to the decision, was based on the "earning capacity of the husband to be $420.00 net per week". Within a few days of the order, the plaintiff filed a Motion for Contempt and the defendant filed a Motion for Modification.
CT Page 8693 It was clear from his testimony that the defendant found the Court's April 7, 1992, unacceptable. In fact, he testified, "I had intended to file this Motion the day after the Judgment".
However, despite the defendant's dissatisfaction with the decision of the Court after a full hearing, no appeal was taken. The defendant has chosen instead to disregard the orders of the Court, make no payments whatsoever and immediately seek to modify the decision.
The affidavit filed by the defendant at this hearing shows that he has savings accumulated at the Washington Trust Company in Westerly, Rhode Island, in the amount of $51,139.00 and $6,200.00 in a checking account at the same Rhode Island bank. In addition, he claims to have $4,000.00 worth of tools and household furnishings and a $4,000.00 truck making the total cash value of all of the assets in which he acknowledges ownership of $65,339.00.
He is employed as a cab driver for the Eagle Cab Company. While he testified his hours vary from week to week, the most he works is about 35 hours a week. He testified he earns between $120.00 and $140.00 a week. His affidavit shows only a net weekly wage of $124.00. The defendant did not choose to disclose to the Court what his gross income was or what deductions he claims appropriate to reach the net income shown. No explanation was provided with regard to this omission. Nor is there any disclosure concerning tips, if any.
The defendant at the time of the hearing on the divorce showed in his affidavit of January 22, 1992, that he was unemployed but had a net income from rentals of $116.29. In effect then, the defendant shows slightly, more income now than he had at the time of the trial on the dissolution, matter before Judge Mihalakos. With regard to debts, his affidavit at this time shows debts of approximately $55,000.00 whereas at the time of the trial, his affidavit showed debts of $45,000.00. The major difference in the two is that he owes his trial attorney about $10,000.00 more now than he did at the time of the trial. The defendant considers that the trial court overestimated his earning capacity in the Memorandum of Decision resulting from the trial and, in essence, has attempted to establish that as a fact by taking a job as a cab driver and showing a $124.00 a week income. He also, during his testimony, clearly seemed to understand that the child support guidelines provided spouses with a $135.00 minimum income before child support 1 orders would be appropriate, if the guidelines were followed. CT Page 8694 The court does not find the defendant a credible witness. Because of this and his demeanor, attitude and his interest in the outcome, the court has not accepted as proven the evidence offered by him.
This Court declines to provide the defendant with a new trial on the issue of his earning capacity and finds that there has been no substantial change in circumstances shown to warrant a modification. To the extent that there are changes in circumstances, they seem to militate in the opposite direction. In fact, the defendant himself introduced in evidence (defendant's exhibit number 3) proof of the fact that he has actually begun a construction business at the time of this hearing which was not operational at the time of the trial and he admitted to having some preliminary activities in that regard including providing estimates on three potential jobs. While this cannot be accepted as proof at this time because of its speculative nature, it doesn't help the defendant with his burden.
The Motion to Modify the support order is denied.
With regard to the Motion for Contempt, the Court finds that the credible evidence establishes clearly that Mr. Milner has told Mrs. Milner that he would not work or make payments on the child support and threatened her that he would "mix up" the children if she pursued the same in court. The Court finds that the plaintiff has sought the payments as ordered by the Court from the defendant but the defendant has intentionally refused and neglected to pay the same during a time when his earning capacity and/or assets would have permitted him to make the payments. At the present time and ever since the sale of his Ledyard property in July 1992, the defendant has been able to make those payments from the proceeds of that sale.
The fact that the defendant wishes to display to his children and the Court (defendant's exhibit 1 and 2) a one-room plus bath rental arrangement which he has made (where he sleeps on the floor) as a demonstration of his impoverishment, he has been unsuccessful. It is not convincing to the Court in light of the affidavit which shows assets of over $65,000.00. The Court finds that there is a present arrearage from the date of the trial, January 22, 1992, to the present time at the rate of $210.00 a week of $6,720.00 minus the $150.00 which the defendant claims to have paid through his attorney. Making a total due and payable at the present time of $6,570.00.
CT Page 8695 As a sanction related to the finding of contempt, the Court orders the defendant to pay the plaintiff's attorney, the sum of $3,000.00 as attorneys fees which the Court finds to be fair, just and reasonable for the pursuit of the Contempt Motion and in connection with the defense required on the Motion for Modification. The said support and attorney's fees are to be deducted from the escrow held by Attorney Connolly.
Court orders that with regard to the August 7, 1992, motion to compromise escrow that after the deduction of the support payments and attorney's fees as above and the portion of Attorney Connolly's fee due from the defendant, the balance of the $15,000.00 due and owing shall be paid over and delivered to the defendant forthwith by the escrow agent, Attorney Connolly.
The Court does not credit the argument made by the plaintiff that the case of Febbroriello vs. Febbroriello,21 Conn. App. 200 (1990) and Section 46b-37 of the General Statutes supports an, argument for the post-Judgment hearing to grant arrearages from pendente lite orders which this Court finds were as a matter of law merged into the Judgment at the time of Judge Mihalakos's decision on April 7, 1992.
As a result of the above rulings, the Court does not alter or modify or change in any respect the existing order of support against the defendant and he is required to pay as support for the minor children the sum of $70.00 per week per child.
These orders dispose of all the issues raised by the five motions referred to above.
Leuba, J.